13-3378
Zeng v. Lynch

BIA
A077 993 929

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
   ROBERT A. KATZMANN,
    *Chief Judge*,
   REENA RAGGI,
   RICHARD C. WESLEY,
    *Circuit Judges*.

_____

CHANG FAN ZENG,
   *Petitioner*,

  v.         **13-3378**
               **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
   *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**     Lee Ratner, Law Offices of Michael Brown, PC, New York, New York.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; William C. Minick, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Fan Zeng, a native and citizen of China, seeks review of an August 12, 2013 decision of the BIA denying his motion to reopen. *In re Chang Fan Zeng*, No. A077 993 929 (B.I.A. Aug. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). That time limitation does not apply if the motion is "based on changed

2

country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing."  8 U.S.C. § 1229a(c)(7)(C)(ii).

Zeng's motion to reopen was untimely by five years. Thus, he needed to present reliable evidence of changed country conditions to support his claim that the Chinese government will persecute him for following Falun Gong. Zeng submitted a village committee notice that threatened him with severe punishment for practicing Falun Gong in the United States, and a letter from his father in China about his receipt of that notice.  The BIA reasonably gave little weight to those documents.  While it may not have been reasonable for the BIA to expect additional authenticating evidence for the village committee notice, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir. 2005), the BIA did not abuse its discretion in discrediting it because it was tainted by the previous adverse credibility finding against Zeng, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).  That finding likewise undermined the letter from Zeng's father, which also was not notarized, appeared to be prepared for the purpose of

3

litigation, and was written by an interested witness who would not be subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *In re H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 (BIA 2010), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The government seeks summary denial of the petition. We have considered the merits brief submitted by Zeng, and we treat the government's motion as a response to it. For the foregoing reasons, the petition for review is DENIED and the government's motion is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and Zeng's pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4